UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANNETTE T. BROGDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CASE NO. 3:24-cv-00123-DRL-MGG |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, State Farm Fire and Casualty Company ("State Farm"), by counsel, for its Answer to Plaintiff Annette T. Brogden's ("Plaintiff") *Complaint for Damages* (the "Complaint") states:

**PARTIES**

1. Plaintiff Annette T. Brogden is a natural person who resides in Indiana. She may be served through her attorneys, whose contact information appears below.

**ANSWER:** **State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.**

2. Defendant State Farm is an insurance company organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.

**ANSWER:** **State Farm admits the allegations contained in paragraph 2 of Plaintiff's Complaint.**

## GENERAL ALLEGATIONS

3.  Brogden is a policyholder with State Farm. From May 2019 through May 2020 her policy number was 14-CQ-X965-3. A copy the policy is attached hereto as Exhibit "A." From May 2020 through May 2021 her policy number was 14- CQ-X965-3. A copy the policy is attached hereto as Exhibit "B." From May 2021 to May 2022 her policy number was 14-CQ-X965-3. A copy the policy is attached hereto as Exhibit "C."

**ANSWER: State Farm admits that Brogden was a State Farm policy holder between May 12, 2019, and May 12, 2022, and that State Farm insured Brogden under policy number 14-CQ-X965-3 subject to the Policy's terms, conditions, limitations, and exclusions; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.**

4.  Pursuant to the parties' policy, Brogden paid all of her required premium payments to State Farm.

**ANSWER: State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.**

5.  The parties' policies went into effect beginning on May 12, 2019, through May 12, 2022. See Exhibit "A", "B", and "C."

**ANSWER: State Farm admits the relevant policies were in effect between May 12, 2019, and May 12, 2022, subject to the Policies' terms, conditions, limitations, and exclusions; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.**

6.  The parties' policies contained provisions entitled Building and Personal Property Coverage Form. See Exhibit "A", "B", and "C."

**ANSWER: No answer is required as the terms and conditions of the Policies speak for themselves. However, State Farm admits that the Policies provide certain**

coverages for a residence located at 15927 Bridgewater Boulevard, Carmel, Indiana 46033 (the "Residence") as stated in the Policies subject to the Policies' terms, conditions, limitations, and exclusions; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.  Pursuant to the parties' policies, State Farm agreed to pay for wind and hail damage to the dwelling.

**ANSWER:** State Farm admits that the Policies insure against accidental direct physical loss subject to the Policies' terms, conditions, limitations, and exclusions; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.  Brogden's exterior and interior of their home, located at 15927 Bridgewater Club Blvd., Carmel, Indiana 46033 is covered under the parties' policies.

**ANSWER:** State Farm admits that the Policies provide certain coverages for the Residence as stated in the Policies subject to the Policies' terms, conditions, limitations, and exclusions; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.  The parties' policies limit for coverage in effect at the time of the Brogden's loss for her building was $1,263,300 under Exhibit "A", was $1,320,200 under Exhibit "B", and was $1,037,000.00 under Exhibit "C."

**ANSWER:** State Farm admits that the Policies provide certain coverages for the Residence as stated in the Policies subject to the Policies' terms, conditions, limitations, and exclusions; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.  On or about March 28, 2020, and within the effective policy period, a sudden hail and windstorm event ("Storm 1") in Carmel, Hamilton County, Indiana

caused Brogden's roof and exterior to suffer hail and wind damage to the shingles, the soft metals, and interior water damage.

**ANSWER: State Farm admits that Plaintiff submitted a claim for damage to the Residence with a claimed date of loss of March 28, 2020, but State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.**

11. On or about March 25, 2021, and within the effective policy period, a sudden hail and windstorm event ("Storm 2") in Carmel, Hamilton County, Indiana caused Brogden's roof and exterior to suffer hail and wind damage to the shingles and soft metals.

**ANSWER: State Farm admits that Plaintiff submitted a claim for damage to the Residence with a claimed date of loss of March 27, 2021, but State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.**

12. On or about June 20, 2021, and within the effective policy period, a sudden hail and windstorm event ("Storm 3") in Carmel, Hamilton County, Indiana caused Brogden's roof and exterior to suffer hail and wind damage to the shingles, and soft metals.

**ANSWER: State Farm admits that Plaintiff submitted a claim for damage to the Residence with a claimed date of loss of June 20, 2021, but State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.**

13. Brogden's property sustained significant damage as a result of each storm event, all are covered perils under the parties' policy.

**ANSWER:  State Farm denies the allegations contained in paragraph 13 of Plaintiff's Complaint.**

14. The damage to Brogden's dwelling is covered under the insurance policies.

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint.**

15. There is no exclusion under the parties' policy for wind and hail damage to Brogden's property.

**ANSWER:  No answer is required as the terms and conditions of the Policies speak for themselves. However, State Farm admits that the Policies provide certain coverages for the Residence as stated in the Policies subject to the Policies' terms, conditions, limitations, and exclusions; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.**

16. Shortly after the March 28, 2020, storm, Brogden notified State Farm of her property damage and filed her claim.

**ANSWER:  State Farm admits that Plaintiff reported a claim to State Farm with a claimed date of loss of March 28, 2020; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.**

17. Brogden's reporting of the claim was timely, and she reported the claim once she became aware of the damage.

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint.**

18. The damage discovered was the result of hail and wind, and Brogden had not had water intrusion into her home prior to Storm 1.

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint.**

19. State Farm assigned the loss to claim number 1405R150Z.  A copy of the estimate is attached as Exhibit "D."

**ANSWER:  State Farm admits it assigned claim number 14-05R1-50Z to the claim dated March 28, 2020; however, no further answer is required as the Exhibit speaks for itself.**

20. The claim was assigned to Mark Turner and he denied any damage to the property.  See Exhibit "D."

**ANSWER:  State Farm admits that Mark Turner inspected the Residence and he prepared an estimate for $0.000; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.**

21. On March 16, 2022, undersigned counsel requested appraisal from State Farm regarding this claim from Storm 1 and a tolling agreement.  At the time of this filing State Farm has not responded to Brogden's demand for appraisal.  A copy of the demand is attached as Exhibit "E."

**ANSWER:  State Farm states that the Exhibit speaks for itself; however, State Farm denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.**

22. After the June 20, 2021, storm Brogden reported the loss to State Farm.

**ANSWER:  State Farm admits that a claim was reported to State Farm with a claimed date of loss of June 20, 2021; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.**

23. The second loss was assigned claim number 1422G634W. A copy of the estimate is attached as Exhibit "F."

**ANSWER: State Farm admits it assigned claim number 14-22G6-34W to the claim dated March 27, 2021; however, no further answer is required as the Exhibit speaks for itself.**

24. The second claim was assigned to Wendell Lee Griffith and then to Mark White of State Farm for adjustment.

**ANSWER: State Farm admits that Wendell Lee Griffith and Mark White both evaluated Plaintiff's claim; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.**

25. Mr. White retained EFI Global to inspect the property and informed EFI that the date of loss for the claim was March 25, 2021, not June 20, 2021, as reported by Brogden.

**ANSWER: State Farm admits that EFI Global was hired to inspect the Residence; however, State Farm denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.**

26. EFI Global inspected the property and issued a report listing limited damage to the soft metals and listing the date of loss as March 27, 2021. A copy of that report is attached as Exhibit "G."

**ANSWER: State Farm admits that EFI Global inspected the property and issued a report regarding its inspection; the report speaks for itself. State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.**

27. The likely confusion surrounding Mr. White's determination of the date of loss would be the dramatic increase of the deductible depending on when the loss occurred that damaged the property. If the loss occurred under Exhibit "B" the deductible would be $13,202.00. If the loss occurred under Exhibit "C" the deductible would be $5,185.00.

**ANSWER:  State Farm admits the Policies contain different deductibles; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 27 of Plaintiff's Complaint.**

28. Despite the report of EFI Global, Brogden believes that there is open and obvious damage with the property that was ignored or disregarded by State Farm.

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint.**

29. Brogden had Universal Roofing and Jackson Contracting examine the property and they determined there to be far more damage to the property that was "overlooked" by State Farm and EFI Global. A copy of Universal Roofing's estimate is attached is Exhibit "H."  A copy of the Jackson Contracting's estimates are attached as Exhibit "I."

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 29 of Plaintiff's Complaint.**

30. The Universal Roofing Estimate and an inspection report were provided to State Farm.

**ANSWER:  State Farm admits the allegations contained in paragraph 30 of Plaintiff's Complaint.**

31. State Farm has not changed their position on the totality of the damage.

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 31 of Plaintiff's Complaint.**

32. Brogden disagreed with State Farm's position because the roof showed open and obvious hail and wind damage from the storms on March 28, 2020, potentially March 25, 2021, and June 20, 2021.

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 32 of Plaintiff's Complaint.**

33. Brogden demanded appraisal on all claimed storm dates because of this disagreement.  Due to the legal suit deadline approaching and State Farm's unwillingness to respond to a tolling of the contractual limitation on suit, Brogden was forced to bring this action.

**ANSWER:  State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint.**

34. On June 29, 2023, the appraisal panel issued an appraisal award for $259,965.26 in replacement cost value and $161,732.24 in actual cost value.  See Exhibit J, Completed Award.

**ANSWER:  State Farm admits that there is a signed Appraisal Award, the document speaks for itself; State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.**

35. The appraisal panel agreed that all three storms caused damage to the property and given the similar nature of all three storms the damage could not be parsed out between the incidents.

**ANSWER: State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 35 of Plaintiff's Complaint.**

36. On August 21, 2023, Plaintiff executed a sworn proof of loss regarding the appraisal award attesting that the replacement cost of each claim was that of the appraisal award and tendered it to State Farm. See Exhibit K, Sworn Proof of Loss.

**ANSWER: State Farm admits that a Sworn Proof of Loss was submitted to State Farm. State Farm further states that the document speaks for itself.**

37. State Farm has refused to honor the appraisal award and the sworn proof of loss issued by the Plaintiff in relation to any covered event forcing the insured to continue through litigation on all claims.

**ANSWER: State Farm lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 37 of Plaintiff's Complaint.**

38. State Farm instead issued a total actual cash payment of $2,305.35, significantly under the actual cash payment of the appraisal award.

**ANSWER: State Farm admits that it issued an actual cash value payment of $2,305.35 to Plaintiff; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.**

## COUNT I – BREACH OF CONTRACT

39. Brogden incorporates by reference the prior allegations as if fully set forth herein.

**ANSWER: State Farm incorporates by reference its prior answers to Paragraphs 1 through 38 as if fully set forth herein.**

40. State Farm has breached the terms of the parties' policy by:

a. failing to promptly and reasonably adjust Brogden's claims for storm damage that is covered under the policies;

b. continually refusing to tender policy benefits to Brogden for their hail and wind damage claim that is covered under the policies;

c. failing to issue coverage for open and obvious damage to the exterior and interior of Brogden's property; and

d. failing to pay for all covered damage.

**ANSWER: State Farm denies the allegations contained in paragraph 40 of Plaintiff's Complaint, and subparts thereto.**

WHEREFORE, Defendant, State Farm, by counsel, prays that Plaintiff takes nothing by way of her Complaint, for costs of this action, and for all other proper relief in the premises.

LEWIS WAGNER, LLP

/s/ *Eric C. McNamar*
ERIC C. MCNAMAR, #22467-49
C. CHASE WILSON, #38386-29
*Counsel for Defendant State Farm Fire and Casualty Company*

**COUNT II – BAD FAITH**

41. Brogden incorporates by reference the prior allegations as if fully set forth herein.

**ANSWER: State Farm incorporates by reference its prior answers to paragraphs 1 through 40 as if fully set forth herein.**

42. At all relevant times, State Farm was subject to the Indiana Insurance Code, which prohibits the following improper claims practices:

a. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted which coverage is reasonably clear;

b. Compelling a policyholder to institute a suit to recover amounts due under its policy by failing to offer policy benefits;

c. Refusing to pay a claim without conducting a reasonable investigation based on all available information, including the utilization of a biased third party to support the denial of insurance proceeds; and

d. Failing in the case of the denial of claimed policy benefits to provide prompt, reasonable, and accurate explanation of the basis in the insurance policy or applicable law for such a denial and/or compromised settlement.

**ANSWER:  State Farm admits that it has certain duties and obligations under Indiana law; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's Complaint, including all subparts thereto.**

43. Defendant has committed one or more violations of Indiana's Unfair Claims Settlement Practices Act under Ind. Code §27-4-1-4.5.

**ANSWER:  State Farm denies the allegations contained in paragraph 43 of Plaintiff's Complaint.**

44. A violation of Ind. Code §27-4-1-4.5 is evidence of bad faith under Indiana Law.

**ANSWER:  State Farm denies the allegations contained in paragraph 44 of Plaintiff's Complaint.**

45. Defendant was obligated to deal fairly with Plaintiff because a special relationship existed between them as Defendant owed an obligation of good faith and honesty. *See Providence Washington Ins. Co. v. Wolf*, 80 N.E. 26 (Ind. 1907).

**ANSWER:  State Farm admits that it has certain duties and obligations under the Polices and Indiana law; however, State Farm lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 45 of Plaintiff's Complaint.**

46. Defendant routinely retains and conspires with the third-party vendor, EFI Global, despite knowing that the third-party vendor routinely fails to identify the correct scope of the storm damage for the purpose of misrepresenting the claim as consisting of minimal damage to the policyholder.

**ANSWER:  State Farm denies the allegations contained in paragraph 46 of Plaintiff's Complaint.**

47. The third-party vendor deliberately, and in a concerted effort with Defendant, provides written reports and/or photograph books to Defendant minimizing and concealing the true scope of the damage so that Defendant can then breach its contract by paying substantially less money than it owes and making it falsely appear to the policyholder that there is no or minimal damage.

**ANSWER: State Farm denies the allegations contained in paragraph 47 of Plaintiff's Complaint.**

48. Plaintiff justifiably relied on these misrepresentations for a period of time, and because of this, the Defendant gained a financial advantage of retaining its money and interest thereon. The Defendant's gain in this regard was at the expense of the Plaintiff because Plaintiff did not have the use of this money and had to continue to pursue this claim into litigation to recover policy benefits. Also, because of these misrepresentations, Plaintiff have had to delay repairs.

**ANSWER: State Farm denies the allegations contained in paragraph 48 of Plaintiff's Complaint.**

49. Defendant and the third-party vendor have engaged in a concerted action to wrongfully deceive and deny policy benefits to Plaintiff in bad faith.

**ANSWER: State Farm denies the allegations contained in paragraph 49 of Plaintiff's Complaint.**

WHEREFORE, Defendant, State Farm, by counsel, prays that Plaintiff takes nothing by way of her Complaint, for costs of this action, and for all other proper relief in the premises.

LEWIS WAGNER, LLP

/s/ *Eric C. McNamar*
ERIC C. MCNAMAR, #22467-49
C. CHASE WILSON, #38386-29
*Counsel for Defendant State Farm Fire and Casualty Company*

## AFFIRMATIVE DEFENSES

Defendant, State Farm Fire and Casualty Company ("State Farm"), by counsel, for its Affirmative Defenses to Plaintiff Annette T. Brogden's ("Plaintiff") *Complaint for Damages* (the "Complaint") states:

1. Plaintiff's claims under policy number 14-CQ-X965-3 for the policy period May 12, 2019, to May 12, 2020, are excluded by the Policy to the extent the covered property did not sustain an accidental direct physical loss while the Policy was in effect.

2. Plaintiff's claims under policy number 14-CQ-X965-3 for the policy period May 12, 2020, to May 12, 2021, are excluded by the Policy to the extent the covered property did not sustain an accidental direct physical loss while the Policy was in effect.

3. Plaintiff's claims under policy number 14-CQ-X965-3 for the policy period May 12, 2021, to May 12, 2022, are excluded by the Policy to the extent the covered property did not sustain an accidental direct physical loss while the Policy was in effect.

4. Plaintiffs' claims under the Policies are barred to the extent that Plaintiff and/or her agents failed to comply with all of the Policy provisions before filing suit.

5. Plaintiffs' Complaint is barred to the extent that Plaintiffs and/or their agents failed to cooperate in the adjustment of the claim.

6. Plaintiff's claims under the Policy are limited and/or excluded to the extent that the appraisers and/or umpire did not comply with the Appraisal provision in the Policies.

7. Plaintiff's claims under the Policy are limited and/or excluded to the extent that the appraisers and/or umpire decided questions of fact, questions of law, questions of coverage, or other contractual issues.

8. Plaintiff's claims under the Policy are not insured by the Policy to the extent that the alleged loss was the result of wear, tear, marring, deterioration, inherent vice, latent defect, mechanical breakdown or other issues.

9. Plaintiff's claims under the Policy are not insured by the Policy to the extent that the alleged loss was the result of defect, weakness, inadequacy, fault or unsoundness in the maintenance of the subject home.

10. State Farm's alleged liability should be reduced to the extent that Insured's own negligence, carelessness, or fault contributed to the alleged losses.

11. Insureds' Complaint against State Farm is barred in whole or in part based upon alternative theories of waiver and estoppel.

12. Insureds' Complaint against State Farm is barred in whole or in part based upon alternative theory of accord and satisfaction.

13. State Farm claims all contractual and statutory set-offs, credits, and reductions allowed by contract or by law.

14. State Farm reserves the right to assert additional affirmative defenses.

WHEREFORE, Defendant, State Farm, by counsel, prays that Plaintiff takes nothing by way of her Complaint, for costs of this action, and for all other proper relief in the premises.

LEWIS WAGNER, LLP

*/s/ Eric C. McNamar*
ERIC C. MCNAMAR, #22467-49
C. CHASE WILSON, #38386-29
*Counsel for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

On March 1, 2024 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

David E. Miller
SAEED & LITTLE, LLP
133 W. Market Street #189
Indianapolis, Indiana 46205
david@sllawfirm.com
*Attorney for Plaintiff*

                                    */s/ Eric C. McNamar*
                                    ERIC C. MCNAMAR

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Telephone: (317) 237-0500
Facsimile: (317) 630-2790
emcnamar@lewiswagner.com
cwilson@lewiswagner.com