IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANNETTE T. BROGDEN,<br>          PLAINTIFF,<br>V.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY<br>          DEFENDANT. | CAUSE NO. 3:24-CV-00123-DRL-MGG |

**PLAINTIFF'S NOTICE TO COURT OF DEFENDANT'S VIOLATION OF ILLINOIS SUP. CT. R. 187**

Comes now the Plaintiff, Annette T. Brogden, by undersigned counsel, and hereby provides Notice to the Court of Defendant State Farm Fire and Casualty Company's ("State Farm") violation of Illinois Sup. CT. R. 187(c)(2) and states the following in support:

1. Plaintiff originally filed her complaint in Illinois on March 25, 2022.

2. The original case number assigned was 2022LA000018.

3. The Plaintiff's claims then went through the appraisal process.

4. The appraisal process was completed and the parties were unable to resolve the matter.

5. Plaintiff decided to move the matter through litigation after amending her complaint.

6. Defendant then decided to remove the matter back to Indiana.

7. On December 6, 2023, Defendant State Farm then moved to dismiss under Illinois Supreme Court Rule 187, for Forum Non Conveniens Principles.

1

8. On December 13, 2023, a hearing was held in Vermilion County Circuit Court and the Court ruled that the complaint of the Plaintiff should be transferred to Indiana under Ill. Sup. Ct. R. 187 as Indiana was thought to be a better venue.

9. As a condition to this transfer that State Farm requested it was required to comply with the terms of Ill. Sup. Ct. R. 187(c)(2).

10. The language of the statutes states:

**(2) *Dismissal of Action.*** Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions:

**(i)** if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and

**(ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense**.

If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted. If the court in the other forum refuses to accept jurisdiction, the plaintiff may, within 30 days of the final order refusing jurisdiction, reinstate the action in the court in which the dismissal was granted. The costs attending a dismissal may be awarded in the discretion of the court.

*Ill. Sup. Ct. R. 187(c)(2)*

11. On July 11, 2024, Defendant filed for Judgement on the Pleadings. *See Dkt. 26, Motion for Judgement on the Pleadings and Dkt. 27, Brief in Support of Judgment on the Pleadings.*

12. Both of Defendant's filings seek to use the defense of the statute of limitations under the policy of 2 years, despite their requirement to waive such a defense.

13. Because Defendant has not complied with this statute, the immediate action should be dismissed and the matter removed back to Illinois so the matter can proceed to trial in the original amended complaint of the Plaintiff.

WHEREFORE, Plaintiff Annette Brogden, respectfully requests this matter be dismissed without prejudice by this Court so it can be returned back to Illinois for further proceedings under 2022LA000018 because the Defendant State Farm violated the conditions of Ill. Sup. C. R. 187(c)(2) and for all other relief that is just and proper in the premise.

Respectfully submitted,

/s/David Miller

David Miller #31855-32
Saeed & Little, LLP
133 West Market Street, #189,
Indianapolis, IN 46204
Telephone: (317) 721-9214
david@sllawfirm.com

Attorneys for Plaintiff

**FEDERAL CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record through the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/David Miller